IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SANTOS G. M.,[1] <br>   Plaintiff, <br><br> v. <br><br> KRISTI NOEM, *et al.,* <br> *in their official capacities,* <br>   Defendants. | § <br> § <br> § <br> §   CIVIL ACTION NO. 1:25-cv-105 <br> § <br> § <br> § <br> § |

### ORDER TO SHOW CAUSE ON FAILURE TO RESPOND AND FAILURE TO SUBMIT CASE MANAGEMENT PLAN

  On May 24, 2025, the Court received Plaintiff Santos G. M.'s Complaint requesting this Court "issue a Declaratory Judgment declaring [him] to be a U.S. Citizen and a permanent injunction, enjoining Defendants from not issuing him his Certificate of US Citizenship." Dkt. No. 1, p. 3.

  On June 2, 2025, the Court issued its Order on Case Management, ordering the parties to "conduct a discovery conference and submit in one filing with the United States District Clerk a joint discovery/case management plan that includes a proposed scheduling order no later than: August 26, 2025." Dkt. No. 7, p. 1. No joint discovery case management plan was received.

  On August 1, 2025, and in lieu of an answer, Defendants Kristi Noem, Ur Jaddou and Kathleen Bausman filed a Motion to Dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 8. Local Rule 7.3 dictates that Plaintiff's response deadline to the motion was August 22, 2025. Local Rule 7.4 further provides, "[f]ailure to respond to a motion will be taken as a representation of no opposition." No response to the motion to dismiss was received from Plaintiff.

  The Court now repeats its instruction to file a joint discovery/case management plan that includes a proposed scheduling order **no later than September 4, 2025**. If the parties wish to

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the claimant only by first name and last initials.

modify the discovery timeline through a stay pending the outcome of the motion to dismiss, the Court will consider such a request upon filing of a motion showing just cause.

Further, the parties are **ORDERED** to show cause, **no later than September 4, 2025**, as to why no such case management plan was timely submitted. The filing of the joint discovery/case management plan or other such filing regarding the progression of this case will satisfy the show cause order.

The parties are reminded that failure to prosecute their claims could result in dismissal pursuant to Fed. R. Civ. P. 41(b) or Fed. R. Civ. P. 16(f)[2].

Signed on August 27, 2025.

*Karen Betancourt*
Karen Betancourt
United States Magistrate Judge

---

[2] Federal Rule of Civil Procedure 16(f) allows a court to impose sanctions, including dismissal, if a party or its attorney fails to obey a scheduling order or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C). The same standards for reviewing dismissals for failure to prosecute under Fed. R. Civ. P. 41(b) are applied to dismissals under Rule 16(f). *Rax Garbage Disposal Service, Inc. v. McNeilus*, 109 F.3d 767, (5th Cir. 1997) (citing *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1518-19 (5th Cir. 1985)).